### SHANNON v. TODD et al. (No. 7008.)

(Court of Civil Appeals of Texas. Austin. Oct. 13, 1926.)

**1. Landlord and tenant ⚖︎231(8).**

In action for rents, verdict that plaintiff had released defendants from liability under lease *held* supported by evidence.

**2. Landlord and tenant ⚖︎235.**

In defendants' cross-action for rents paid, judgment based on mathematical calculation was not objectionable because not supported by jury finding.

**3. Compromise and settlement ⚖︎5(1).**

Overpayment of accrued rents by defendants to plaintiff *held* not settlement of disputed claim having been made under protest.

**4. Appeal and error ⚖︎1050(2).**

Admission of immaterial evidence in action for accrued rents *held* harmless error, in view of entire evidence.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

---

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by J. M. Shannon against J. S. Todd and another, wherein defendants brought a cross-action. From a judgment for defendants in both the main action and the cross-action, plaintiff appeals. Affirmed.

Wright & Matthews and C. O. Harris, all of San Angelo, for appellant.

Collins & Jackson, of San Angelo, and McLean, Scott & Sayers, of Fort Worth, for appellees.

BLAIR, J. Appellant sued appellees for $22,496.80, alleged rentals accruing prior to April 1, 1924, under three ten-year lease contracts covering 87 sections of land.

Appellees answered that they assigned the lease contracts to Paul Willoughby with the consent of appellant, who accepted Willoughby in lieu of and in place of them, and agreed to look to him alone for the rentals in suit. By cross-action appellees alleged that in the settlement with Willoughby and themselves appellant misrepresented the amount due as accrued rentals to the extent of $6,530.77, and prayed that they recover this amount with interest at 6 per cent. from May 1, 1924.

The jury answered the only issue submitted that appellant agreed to release appellees and look to Willoughby alone for the rentals in suit, and upon the verdict judgment was rendered that appellant take nothing. With reference to the cross-action, the judgment recites that the undisputed facts entitled appellees to a judgment of $6,530.77 with 6 per cent. interest from May 1, 1924, and judgment was so rendered.

[1] The complaint that the jury's verdict is not supported by the evidence is without merit. The assignment of the leases to Willoughby with the consent of appellant is admitted. The testimony shows that as between Willoughby and appellant Willoughby was to have only two of the lease contracts assigned and appellant was to retain one of them. Appellee Todd, who also acted for the other appellee, testified that appellant agreed to release appellees from the payment of the rentals in suit. He also testified that appellant requested him to indorse the notes of Willoughby, given in payment of the rentals, in suit, which he refused to do, giving as his reasons failing health and advice of his physician to relieve himself of business responsibilities; whereupon appellant instructed his secretary to mark the note of appellees, given in part payment of the rentals in suit, "canceled," and deliver it to appellee Todd, which was immediately done. Willoughby corroborated appellee Todd's testimony with reference to the request to indorse his notes. Appellant admitted that he ordered the note marked "canceled" and delivered to appellee Todd, but contended that it was understood that appellees were not released in the event Willoughby failed to pay the rentals in suit. We submit that the evidence fully sustains the verdict.

[2] The complaint, that the judgment for $6,530.77 on the cross-action is not authorized because there was no finding of the jury upon which to base it, is without merit. No request was made to submit the issue to the jury. And the evidence is not disputed with reference to it. Although appellant sued for $22,496.80, he admits in his brief that the correct amount due under the three leases on April 1, 1924, the date of the assignment to Willoughby, was $17,160.98. It is admitted that appellant represented at the time of the assignment and settlement with Willoughby that the account due as accrued rentals was the sum of $23,763.92, and he took Willoughby's check and notes for this amount. Therefore a simple mathematical calculation will show that appellant collected $6,602.94 more than was due him, and the judgment for $6,530.77, being the amount appellees were limited to recover by their pleadings, is sustained.

[3] The contention that the transaction represents the settlement of a disputed claim, and that appellees cannot now recover, is not sustained. Appellee Todd protested at the time that he only owed about $17,000 and that he would consult his books and adjustment would be made of any error. This was not denied by appellant.

[4] Numerous assignments are urged to the admission of certain testimony, which are overruled. The testimony complained of relates to what use appellant put some of the leases after the assignment to Willoughby, or to how much more per section he received for the land after Willoughby failed to pay his rentals and after new contracts were made with him; or with reference to attempted adjustments by Willoughby after he had failed to pay the rentals and after his check was turned down by the bank. While the testimony may be immaterial and not admissible for that reason, still it is not of such prejudicial nature as to warrant a reversal of the case when viewed in the light of the whole of the testimony as amply and fully supporting the verdict and judgment.

Such being our view, we overrule all assignments and affirm the judgment of the trial court.

Affirmed.